UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RICHARD A. HORN,         )<br>                          )<br>    Plaintiff,            )<br>                          )<br>v.                        )<br>                          )<br>FRANKLIN HUDDLE, JR. et al., )<br>                          )<br>    Defendants.           )<br>                          ) | C.A. 94-1756 (RCL)<br><br>**FILED UNDER SEAL** |

## UNITED STATES' OPPOSITION
## TO PLAINTIFF'S MOTION SEEKING A SECURITY CLEARANCE

Plaintiff has filed a motion seeking an order that would require the Court Security Officer to "begin the process so that [plaintiff] can regain his top secret security clearance." *Plaintiff's Motion for the Court Security Officer to Conduct the Process for Plaintiff, Richard A. Horn, to Receive a Security Clearance, Since He Is Now Retired from DEA* ("Plaintiff's Motion") at 1.[1] Plaintiff states that his security clearance, granted in connection with his employment by the Drug Enforcement Administration ("DEA"), was withdrawn when plaintiff retired from DEA this past December. Id. Plaintiff claims that "it is absolutely necessary for the court to order that the court security officers begin the process" of clearing plaintiff because "[a] security clearance in this case is necessary for Horn to prosecute this case." Id. at 2. Finally, plaintiff states that, according to the Court Security Officer, "the 'Agency' objected to Plaintiff receiving a security clearance, and for unknown reasons." Id. at 2.

---

[1] In so moving, plaintiff did not satisfy the requirements of Local Civil Rule 7.1(m), there having been no conference with counsel for the government on plaintiff's motion. Counsel for the government has objected in the past to plaintiff's repeated practice of violating that local rule, which applies to all non-dispositive motions.

As the basis for his motion, plaintiff points to the June 10, 1998 Order of the late Judge Harold Greene. Id. at 1. Plaintiff also states that "[o]n or about January 7, 2000, the court security officer made the determination that Brian C. Leighton could receive a top secret security clearance with respect to this matter, and this Court so ordered on January 7, 2000," and that subsequently, two other of plaintiff's attorneys were granted a security clearance in this case. Id. at 1.

The United States unequivocally opposes this motion, consistent with its vigorous objections throughout this litigation to the provision of security clearances for the purposes of litigating this civil action. See, e.g., *Supplemental Memorandum in Support of the United States Motion for Reconsideration*, filed March 10, 2000 at 2-18, incorporated by reference herein as if fully set forth (reviewing the history and legal bases of the United States' continuous objections to plaintiff's counsel's motion to receive a security clearance; the evolution of the June 10th Order; the circumstances surrounding the Department Security Officer's March 10, 1999 letter to government counsel; the proceedings before this Court on January 7, 2000; and the Department Security Officer's explanation that he moved forward with the access eligibility determinations regarding plaintiff's counsel because he construed the June 10th Order as requiring it, and because he believed that the government did not object, see *Declaration of D. Jerry Rubino*, dated March 10, 2000, ¶¶ 13, 16). See also *Reply in Support of United States' Motion for Reconsideration*, filed May 10, 2000, at 8-25, also incorporated by reference herein as if fully set forth (examining in greater depth some of the matters referenced above).

In this Court's August 15, 2000 Order ("August 15th Order"), the Court confirmed that

> [b]y its terms, Executive Order 12958 provides that classified information remains under the control of the originating agency and that before disclosing classified information, an agency, such as the Justice Department, must obtain authorization from the agency with original classification authority over the information.

August 15th Order at 15, citing Executive Order 12958, section 4.2(c), and referencing 28 C.F.R. § 17.46(b). By letter dated January 26, 2001, government counsel communicated to the Department Security Officer the unequivocal objection by the Central Intelligence Agency and the National Security Agency -- the two agencies responsible for the classified national security information involved in this action -- to the processing and granting of any security clearance for plaintiff or anyone else for purposes of this civil litigation. In the August 15th Order, this Court recognized that these agencies had determined that neither plaintiff nor his counsel have a need-to-know the information over which the agencies had asserted the state secrets privilege. Id. at 16. Government counsel made clear to the Department Security Officer that these agencies do not intend to alter that position with respect to any classified information in this case.[2]

---

[2] It is undisputed that plaintiff remains subject to the requirements of the non-disclosure agreement the he signed in connection with the security clearance bestowed upon him in the context of his work as a DEA employee, including a continuing obligation to protect the information he already possesses through that employment. For reasons already set forth by the United States in the above-referenced filings and treated in this case, plaintiff does not have any rights to continuing access to classified information to facilitate the litigation of civil claims.

For the foregoing reasons, plaintiff's motion should be denied.

                                          Respectfully submitted,

WILMA A. LEWIS, D.C. Bar # 358637
United States Attorney

MARK E. NAGLE, D.C. Bar # 416364
Assistant United States Attorney

LISA S. GOLDFLUSS, D.C. Bar # 417787
MADELYN E. JOHNSON, D.C. Bar # 292318
Assistant United States Attorneys
555 Fourth Street, N.W., 10th Fl.
Washington, D.C. 20001
Tel.: 202-514-7198
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 29, 2001, the foregoing was served upon plaintiff's counsel, by placing the same in the U.S. mail, postage pre-paid, addressed to:

BRIAN C. LEIGHTON
701 Pollasky
Clovis, CA 93612

and

JAMES A. MOODY
Suite 300
1101 30th St., NW
Washington, D.C. 20007

_____
LISA GOLDFLUSS
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20001
(202) 514-7198

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD A. HORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. 94-1756 (RCL) |
| v. ) | |
| ) | |
| FRANKLIN HUDDLE, JR. *et al.*, ) | |
| ) | **FILED UNDER SEAL** |
| Defendants. ) | |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion for the Court Security Officer to Conduct the Process for Plaintiff, Richard A. Horn, to Receive a Security Clearance, Since He Is Now Retired from DEA, the United States' opposition thereto, and the merits thereof, it is

HEREBY ORDERED that the motion is denied.

Date_____                    _____
                                UNITED STATES DISTRICT JUDGE

BRIAN C. LEIGHTON
701 Pollasky
Clovis, CA 93612

JAMES A. MOODY
Suite 300
1101 30th St., NW
Washington, D.C. 20007

LISA S. GOLDFLUSS
Assistant United States Attorney
United States Attorney's Office
Judiciary Center - Room 10-106
555 - 4th Street, N.W.
Washington, D. C. 20001