FILED WITH THE
COURT SECURITY OFFICER
CSO: _____
DATE: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD A. HORN, ) | Case No. 1:94-CV-1756 RCL |
| ) | |
| Plaintiff, ) | PLAINTIFF'S MOTION PURSUANT |
| ) | FEDERAL RULES OF CIVIL |
| FRANKLIN HUDDLE, JR., *et al.*, ) | PROCEDURE, RULE 60(b) & (c) |
| ) | FOR RELIEF FROM JUDGMENT |
| Defendants. ) | AS TO DEFENDANT II; OR, IN THE |
| _____ ) | ALTERNATIVE FOR AN ORDER |
| | TO SHOW CAUSE AND/OR FOR |
| | SANCTIONS |

UNDER SEAL

NOTICE

Pursuant to Rule 60(b) & (c) a party can seek relief from a judgment or order of the court for misrepresentations, or misconduct by an opposing party, and/or the court can grant relief from a judgment and set aside the judgment for fraud on the court. Plaintiff hereby moves for the court to set aside the judgment and order regarding "Defendant II" based upon the newly filed notice, dated January 31, 2008 by the Department of Justice attorney claiming that: "Counsel for the United States recently learned that in 2002, Defendant II's "cover" was "lifted" and "rolled back" to his entrance on duty date with the Central Intelligence Agency." (Exhibit "1" attached hereto.)

Plaintiff alleges that Defendant II and his then counsel committed fraud on the court. This court, on July 28, 2004 issued a memorandum opinion and judgment, among other things, dismissing Defendant II, and entering a judgment for "Defendant II", on the ground that Defendant II was covert, and nothing about Defendant II can be the subject of Plaintiff's lawsuit. Plaintiff alleges that since Defendants filed their motion to dismiss Plaintiff's complaint on the grounds of State's Secret Privilege in 2000, and that one of the grounds with respect to

"Defendant II" was that he was covert, and nothing about him could be revealed in a trial, nor disclosed in discovery, Defendant II's obligation his counsel's and the CIA's obligation was to notify the court in 2002 [1] that "Defendant II's 'cover' was 'lifted' and 'rolled back' to his entrance on duty date with the Central Intelligence Agency." Plaintiff alleges that it was mandatory upon the Defendants to notify this court immediately of this crucial development prior to this court's decision which occurred at least 19 months later. Plaintiff also alleges that the cover up of Defendant II, his counsel and the CIA continued through the appeal in this matter and through the decision of the Court of Appeals for the District of Columbia circuit which affirmed this court as to Defendant II, holding that:

> "As to Defendant II, the District Court's reasoning is persuasive.
> Nothing about this person would be admissible in evidence at trial,
> so even construing the allegations in the complaint liberally does
> little for Horn's claim." *In re sealed case*, 494 Fed. 3d 139, 147
> (D.C. Cir., June 29, 2007).

In addition to granting Plaintiff relief from the judgment and order dismissing Defendant II from this case, Plaintiff requests an order to show cause to Defendant's counsel and the CIA as to why Defendant II, his then counsel at the time and the CIA should not be found in contempt,

---

[1] Mr. Paul G. Freeborne of U.S. Department of Justice filed the "notice" at issue, dated January 31, 2008. It must be noted that Plaintiff is not alleging that Mr. Freeborne did anything wrong, because Mr. Freeborne only became involved once the case was reversed by the D.C. Circuit Court of Appeals, and was not the trial attorney in this matter prior to the Court's July 2004 Order, nor was he the attorney on appeal. Ms. Lisa Goldfluss was the attorney of record in this matter who filed the motion to dismiss on the grounds of State's Secret Privilege, was the counsel of record through the time the Court issued its July, 2004 Order dismissing the case, and Mr. H. Thomas Byron, III, was the Appellees' counsel on appeal. Mr. Freeborne should be commended for bringing this notice to the courts and Plaintiff's attention. That, however, cannot excuse the former counsel of Defendant II, all of whom were DOJ attorneys, nor the CIA who filed the *in camera* declarations in support of the motion and the unclassified declaration asserting Defendant II's "covertness".

2

sanctioning the Defendant II and/or his counsel, and/or the CIA and ordering Defendant II's government counsel to explain in detail the facts and circumstances giving rise to the 2002 action of lifting Defendant II's "cover" and rolling back Defendant II's cover to its entrance on duty date with the CIA, and disclosing to the court and to Plaintiff's counsel the reasons for such action. Further, the Court should order Defendant II and the government to provide any and all resumes that Defendant II has circulated regarding his employment with the CIA, or any and all written pronouncements by Defendant II regarding Defendant II's work with the CIA.[2]

## BRIEF PROCEDURAL HISTORY

In 1993 Plaintiff Horn filed a complaint against Franklin Huddle, Jr. (State Department employee) and Defendant II alleging, among other things, a violation of Plaintiff's Fourth Amendment rights pursuant *Bivens* alleging that the Defendants illegally eavesdropped on his communication while stationed in Ragoon, Burma and that said privileged communications were then broadcast to others. Defendants immediately proceeded to court and asked that all documents in the case be sealed, and that all future documents be filed under seal. The Court (specifically then District Court Judge (now deceased) Greene) granted the government's request. Defendant Huddle and Defendant II later filed motions for summary judgment, which included both of their declarations that were provided to Plaintiff's counsel disclaiming any

---

[2] Plaintiff's co-counsel in this case is Janine Brookner. She formally, and for a substantial period of time, was an employee of the CIA. Based upon her reading of the government's recent "notice" the language used in said notice most likely means the Defendant II retired in 2002 from the CIA, is pursuing other employment opportunities, and wants to declare to other prospective employers his work history with the agency, or that Defendant II is pursuing other endeavors whereby disclosing his employment status with the CIA would benefit Defendant II for some purpose. Said notice also reveals the CIA has no objection to said disclosures by Defendant II.

3

eavesdropping. Plaintiff opposed the motion, and Judge Greene denied Defendants' motion for summary judgment.

Much later, and in approximately late 1999 or early 2000, this Court, the Honorable Judge Lamberth, assumed responsibility of this case. Defendants then moved to dismiss this case on the grounds of State's Secret Privilege in early 2000. On or about February 5, 2000 George J. Tenet, the then director of the Central Intelligence Agency filed a declaration as to the agency's formal claim of State's Secret Privilege, which appears to have been filed on February 7, 2000. In said document he claimed, among other things that proceeding with the case would identify the "covert CIA officer (¶ 8), and that "this person remains a covert CIA employee" (¶ 9). He also states in paragraph 9 that "the names of several other covert CIA employees also appear as witnesses in the joint report."

The government's motion to dismiss on the grounds of State's Secret Privilege, stated, among other things, that since Defendant II is a covert employee, and always has been a covert employee, nothing about Defendant II can be revealed or discussed.

Approximately four years later, and on July 28, 2004 this Court issued an order granting the Defendants' motion to dismiss the complaint and issued a judgment in favor of the Defendants, on the grounds of State's Secret Privilege, finding, among other things (Court's Memorandum Opinion at p. 9) that proceeding with the case would threaten to reveal the identities of certain covert CIA officers, information as to the location of certain covert CIA installations activities, etc.

Plaintiff filed his notice of appeal, various briefings were ordered by the Court of Appeals, the Court dealt with material under seal, and in the "final brief for the Appellees", H.

Thomas Byron, III, DOJ attorney on appeal, who in October, 2006 urged the Court of Appeals to not only affirm this Court in all respects, but as to "Defendant II", continued claiming that this Court was correct in holding that proceeding with the case would jeopardize Defendant II's covert identity.[3]

On December 14, 2006 the case was orally argued in the Court of Appeals. Special procedures were in place, only those with a security clearance were allowed to attend (which included Plaintiff, the undersigned and Plaintiff's co-counsel Janine Brookner), and once those arguments concluded, Plaintiff and Plaintiff's counsel were removed from the courtroom so that the court could hear additional argument and, presumably ask questions of government's counsel, with respect to the *in camera* matters.

Prior to Plaintiff's counsel, and Defendants' counsel filing their final briefs with the Court of Appeals, government's counsel released a number of documents from being under seal, declassified them, which documents Plaintiff and his counsel had not been privy to when this matter proceeded before this Court. These included, among other things, IG investigative statements from witnesses and some back-up documents. Those matters and documents were provided to the Court of Appeals in the "deferred appendix (unclassified, redacted)". Those were filed with the Court of Appeals on approximately November 15, 2006.

As stated above, the case was argued on December 14, 2006.

On June 29, 2007 the Court of Appeals decided this case, affirming the Court with respect to Defendant II and reversing this Court with respect to Defendant Huddle. Also, on the

---

[3]As the government did with this Court, the government also filed *in camera* briefs/declarations with the Court of Appeals. Plaintiff of course has no clue as to what is contained in those *in camera* documents.

same date, June 29, 2007 the Court of Appeals issued an order, on its own motion, advising that by 4:00 p.m. on July 13, 2007 "the parties show cause why the opinion in this case should not be unsealed." On July 13, 2007 then Defendants' counsel, H. Thomas Byron, III, filed a letter and a pleading (attached hereto and marked Exhibit "2") stating that the Court of Appeals opinion can be unsealed and that "in addition, the Court may also unseal the final brief for the Appellees (which is unclassified) and the unclassified (redacted) copies of the Appellant's final opening brief and Appellant's final reply brief, as well as the "unclassified, redacted (copy of the deferred appendix)." (See Exhibit "2" attached hereto). On July 20, 2007 the Court of Appeals issued an order unsealing not only its opinion, but all of the documents and pleadings disclosed by government's counsel that could be unsealed, as described above. The Court of Appeals Order is attached hereto and marked Exhibit "3". On the same date, July 20, 2007 the Court of Appeals unsealed its opinion, *In re: sealed case, supra*, 494 F.3d 139 disclosing much of the information that had previously been sealed.

Thereafter, this Court, on November 8, 2007, stated that the Court had received the mandate of the Court of Appeals and that "counsel shall meet and confer and submit a proposed order to govern proceedings on remand". By that time, current Defendant's counsel, Mr. Freeborne came on board and filed a notice of appearance. Thereafter, private attorneys from the law firm of Latham Watkins also filed a notice of appearance as, presumably, additional counsel for the lone remaining Defendant, Defendant Huddle.

6

On or about December 10, 2007, government's counsel filed "government's statement regarding proceedings on remand".[4] No where in the government's statement regarding proceedings on remand, was there any claim regarding Defendant II and Defendant II's status regarding his "cover" being "lifted" and "rolled back" to "his entrance on duty date with the Central Intelligence Agency."

On or about January 31, 2008, government's counsel filed the "notice" (Exhibit "1" attached hereto) stating:

> "Counsel from the United States recently learned that in 2002, Defendant II's 'cover' was 'lifted' and 'rolled back' to his entrance on duty date with the Central Intelligence Agency. Counsel for the government is in the process of gathering information about the circumstances giving rise to this development and will advise the court as soon as possible.***Plaintiff's counsel and the government agree that the impact of this development can be addressed in further proceedings before the court in this matter." (Emphasis added.)

## ARGUMENT

**Based on the Court of Appeals Opinion, and the Matters Now Unsealed, Including the Documents That Have Been Declassified, and the Fact That Defendant II's "Cover" Was Lifted and Rolled Back in 2002, This Court Should Set Aside the Judgment Against Defendant II**

The government filed its motion to dismiss the case against both Defendants based upon State's Secret Privilege, in the year 2000. Apparently then, according to the government, Defendant II's identity was covert throughout the entire time frame in question. Then Director of the CIA, George Tenant, filed a declaration stating that State Secret's Privilege had to be invoked because proceedings in the case would disclose the identity of Defendant II and other CIA covert

---

[4]On or about the same date Plaintiff also filed his statement regarding proceedings on remand, obviously inconsistent with the government.

agents. That may have been correct in the year 2000. Such assertions were incorrect, and became false and misleading at least 19 months **PRIOR** to this Court's ruling in July of 2004 dismissing the action, ruling, in pertinent part, that proceeding in this case could disclose the identity of a covert agent, Defendant II.[5]

Prior to this Court's ruling in July of 2004, the government never advised the Court about Defendant II's "cover", etc. While the government and Defendant II may argue that this Court would have come down with the same ruling as this Court came down with with respect to Huddle, it was still a fraud on the Court. Furthermore, and moreover the Court of appeals heard arguments December 14, 2006, two and a half years after this Court's ruling in July of 2004 wherein this Court was reversed as to Defendant Huddle, but as affirmed as to Defendant II because: "As to Defendant II, the District Court's reasoning is persuasive. Nothing about this person would be admissible in evidence at a trial, so even construing the allegations in the complaint liberally does little for Horn's claim." *In re sealed case, supra*, 494 F.3d 139 at 147.

So, at least 19 months (see fn. 5 *supra*) before this Court's (July of 2004) ruling dismissing Plaintiff's complaint, and Defendant II, and approximately three and a half years before the government filed its final brief in the Court of Appeals, and approximately four years before the Court of Appeals ruled that "nothing about this person [Defendant II] would be admissible in evidence at trial" Defendant II was no longer "covert"; his "cover" was "lifted", and not only that, his cover was "rolled back" to his entrance on duty date with the Central

---

[5]Plaintiff above alleges that it was at least 19 months. This Court's ruling was in July of 2004. Assuming that it was December 31, 2002 that Defendant II's "cover" was lifted and rolled back, etc. that would be 19 months. It could have been far longer than 19 months.

8

Intelligence Agency, i.e., back to the time throughout the events alleged in Plaintiff's complaint, and throughout the entire case while it was pending.

If the government had immediately notified this Court in 2002, as it was required to do, (given their previous representations) it may or may not have made a difference to this Court 19 months later when it ruled in Defendant II's favor, but it certainly would have been influential in the Court of Appeals in affirming this Court's ruling as to Defendant II.[6] Further it may definitely have made a difference in this Court because other details about the "lifting" and "rolling back" could have been inquired into and other matters could have been investigated. For example, perhaps Director Tenet would have revoked his assertion of the States Secrets Privilege, or allowed discovery into matters previously foreclosed by the court or even declassified other matters or major portions of the two IG reports. This case, had the government been forthright with the court in "2002" when Defendant II's cover was lifted this Court's decision on the motion could very well be different. It won't be known unless the Court grants the relief from judgment and we start over again, including whether the new CIA Director would still assert States Secrets Privileges, and if so, as to what matters..

Therefore, Plaintiff alleges that this Court should set aside the previous judgment this Court entered with respect to Defendant II pursuant to Rule 60(b) and/or (c) as it was basically a fraud on the Court by then Defendant II, his counsel and the CIA, who was in charge of this defense and those privilege assertions prior to this Court's ruling in July of 2004, and all the way through the Court of Appeals decision on June 29, 2007.

---

[6]See fn. 1, *supra*

Recognizing that perhaps the Court may wish to reserve ruling on Plaintiff's motion to set aside judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, this Court should issue an order to show cause to the government, starting with what DOJ attorney stated in his "notice" of on or about January 31, 2008, regarding the "circumstances giving rise to this development". For example, why was the "cover" "lifted", what were the circumstances of rolling "back" the cover; has the agency ratified Defendant II to broadcast to prospective employers, or his own private business clients not only his identity but where he was stationed, what kind of work he did, what job functions he had, what expertise he had in the field that is relevant to this case? Further, then Director Tenet declared that there were other CIA officers who were covert, that if the Inspector General's reports were disclosed, it could disclose their "covert" identity. Is that any longer the case, because perhaps they have retired, or are no longer "covert" and perhaps their "covertness" has been "lifted" and/or rolled back. The way Plaintiff sees it, it is now an entirely new "ball game", and it has to be a new "ball game", because government counsel(s), and the agency did not disclose this highly critical information to this Court and the Court of Appeals.

Further, this Court should require declarations under penalty of perjury by the agency, Defendant II, and other government officials as to why this information had not been previously disclosed, and the circumstances surrounding this new "notice".

This Court's previous order in November of 2007, advising the parties as to how this cases should proceed in light of the mandate of the Court of Appeals, cannot truly be determined by this Court, until the Court satisfies itself with affirmative responses by Defendant II and the government counsel and the CIA as to all the relevant questions above.

10

Further, Plaintiff should have the opportunity to respond to whatever the "Defendants" provide to the Court because, based upon the Court of Appeals decision reversing this Court as to Defendant Huddle, and the new revelations regarding Defendant II, and the historically recent disclosure of various portions of the IG's report that have now been unsealed, but were sealed at the time this Court decided this matter, this case should be back to square one, as if it is now the year 2000.

No proposed order is being offered by the Plaintiff at this time since it is reasonably assumed that this Court would prefer to draft its own order relevant to this particular motion, in light of the Defendant's possible response, and Plaintiff's reply.

Respectfully submitted.

DATED:     February 13, 2008

*Brian C. Leighton*
Brian C. Leighton, Lead Counsel
on behalf of Plaintiff, Richard A. Horn

## CERTIFICATE OF SERVICE

I am employed in the County of Fresno, California, and am a member of the Bar of this Court. I am over the age of 18 years and not a party to the within action. My business address is 701 Pollasky, Clovis, California 93612. On February 13, 2008, I served the following documents on the party(ies) listed below in this action: **PLAINTIFF'S MOTION PURSUANT FEDERAL RULES OF CIVIL PROCEDURE, RULE 60(b) & (c) FOR RELIEF FROM JUDGMENT AS TO DEFENDANT II; OR, IN THE ALTERNATIVE FOR AN ORDER TO SHOW CAUSE AND/OR FOR SANCTIONS**

By serving on the following:

CHRISTINE GUNNING, Court Security Officer
United States Department of Justice
United States Attorney's Office
20 Massachusetts Ave., Suite 5300
Washington, D.C. 20530

Paul G. Freeborne
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W., Room 6108
Washington, D.C. 20001

JAMES A. MOODY
1101 30th St., NW, Suite 300
Washington, D.C. 20007

Richard A. Horn
586 Radiant Circle
Mary Esther, Florida 32569-3423

JANINE M. BROOKNER
3645 St. Mary's Place NW
Washington, D.C. 20007

Donald M. Remy
Latham & Watkins LLP
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004

United States Court of Appeals for the
District of Columbia Circuit
United States Courthouse
Third and Constitution Ave., N.W.
Washington, D.C. 20001
In re Sealed Case No. 04-5313

12

BARBARA HERWIG
H. THOMAS BYRON III
United States Department of Justice
Appellate Staff, Civil Division
Room 7260
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Clovis, California, on February 13, 2008.

*Brian C. Leighton*
Brian C. Leighton

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Richard A. Horn, | ) |
|                Plaintiff, | ) |
| v. | ) No. 1:94-CV-1756 (RCL) |
| Franklin Huddle, Jr., | ) UNDER SEAL |
|                Defendant. | ) |

## NOTICE

Counsel for the United States recently learned that in 2002, Defendant II's "cover" was "lifted" and "rolled back" to his entrance on duty date with the Central Intelligence Agency. Counsel for the Government is in the process of gathering information about the circumstances giving rise to this development and will advise the Court as soon as possible. Counsel for the plaintiff, Brian Leighton, Esq., has been made aware of this. Plaintiff's Counsel and the Government agree that the impact of this development can be addressed in further proceedings before the Court in this matter.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

CARL J. NICHOLS
Deputy Assistant Attorney General

VINCENT M. GARVEY
Deputy Branch Director

FEB - 4 2008
EXHIBIT 1

*[signature: Paul G. Freeborne]*

PAUL G. FREEBORNE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Room 6108
Washington, D.C. 20530
Tel: (202) 353-0543
Fax: (202) 616-8460
email: paul.freeborne@usdoj.gov

Dated: January 31, 2008                    *Attorneys for the United States.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2008, I caused the foregoing to be served by first-class mail, postage pre-paid, upon the following:

>Brian C. Leighton, Esq.
>701 Pollasky Avenue
>Clovis, CA 93612
>
>James A. Moody, Esq.
>1101 30th Street, N.W.
>Suite 300
>Washington, D.C. 20007
>
>Donald Remy, Esq.
>David Maria, Esq.
>Latham & Watkins LLP
>555 L. St., N.W.
>Suite 1000
>Washington, D.C. 20004

_/s/ Paul G. Freeborne_
Paul G. Freeborne

ORAL ARGUMENT HELD DECEMBER 14, 2006

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| IN RE SEALED CASE | ) No. 04-5313 |

## APPELLEES' RESPONSE TO SHOW CAUSE ORDER

Pursuant to the Court's Order dated June 29, 2007, appellees United States, et al. hereby respond that the Court's opinion may be unsealed. The opinion has been reviewed by the appropriate officials, and does not contain classified information. In addition, the Court may also unseal the Final Brief For The Appellees (which is unclassified) and the unclassified (redacted) copies of the Appellant's Final Opening Brief and Appellant's Final Reply Brief, as well as the (Unclassified, Redacted) copy of the Deferred Appendix. However, other case materials should remain under seal, pending classification review.

Respectfully submitted,

*[signature]*

BARBARA L. HERWIG
(202-514-5425)
H. THOMAS BYRON III
(202-616-5367)
*United States Department of Justice*
*Appellate Staff, Civil Division*
*Room 7260*
*950 Pennsylvania Avenue, N.W.*
*Washington, D.C. 20530-0001*

ATTORNEYS FOR APPELLEES

July 13, 2007

JUL 17 2007

EXHIBIT 2

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 13th day of July, 2007, served a copy of the foregoing Appellees' Response To Show Cause Order, by sending a copy of the Response by first class mail to counsel listed below. The Response will be filed by hand this day.

>Brian C. Leighton, Esq.
>701 Pollasky Avenue
>Clovis, CA 93612
>
>James A. Moody, Esq.
>1101 30th Street, N.W.
>Suite 300
>Washington, D.C. 20007

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 04-5313**                                **September Term, 2006**

94cv01756

In re: Sealed Case, No. 04-5313

**Filed On:**



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED  JUL 2 0 2007

CLERK

## ORDER

Upon consideration of the court's order filed June 29, 2007, directing the parties to show cause why the court's opinion filed June 29, 2007, should not be unsealed, and the responses thereto, it is

**ORDERED** that the following documents be unsealed:

Appellee's Final Brief (unclassified) filed October 13, 2006

Appellant's Final Opening Brief (unclassified and redacted) filed November 13, 2006

Appellant's Final Reply Brief (unclassified and redacted) filed November 13, 2006

Deferred Appendix (unclassified and redacted) filed November 15, 2006

Opinion of the Court filed June 29, 2007

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/ Linda Jones
Linda Jones
Deputy Clerk

JUL 23 2007

EXHIBIT 3