UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD A. HORN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANKLIN HUDDLE, JR., *et al.* )<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 94-1756 (RCL) |

## **MEMORANDUM AND ORDER**

Although this case has been sealed since its inception to protect sensitive information, it is clear from reading the Court of Appeals 2007 public opinion in this case and seeing the unclassified appendix that was filed on appeal that many of the issues are unclassified. The government acknowledged that indeed, the case could be unsealed, and that much of the information is unclassified. Accordingly, the Court ordered the government to file with the Court unclassified versions of every document in the case. The government has now done so, and those documents are now being placed on the public record. An unclassified version of every document that was filed from the inception of the case on September 1, 1994, to June 9, 2009, appears in chronological order with a CM/ECF filing date of June 9, 2009. The government has also continued to file unclassified versions of every document since June 9, 2009, and those documents also appear on the public record. Therefore, it is hereby

ORDERED that the above-captioned case be partially unsealed. Every document with a CM/ECF filing date of June 9, 2009, or later shall be unsealed by the clerk of the Court. The

unlcassified versions of every document that has been filed in this case begin with the complaint, which was officially filed on August 11, 1994, but which is numbered as document [233] on the CM/ECF system with a CM/ECF filing date of June 9, 2009, to indicate the beginning of the receipt of the unclassified documents from the government. With respect to every document that has a CM/ECF filing date of June 9, 2009, one should refer to the document itself to ascertain the date that it was actually filed. With respect to every document filed after June 9, 2009, the government has also provided unclassified versions of those documents.[1] Beginning on June 10, 2009, the CM/ECF filing date of all documents reflects the actual date that the clerk placed the document on the docket. It is further

ORDERED that classified versions of the documents filed in this case will remain under seal. It is further

ORDERED that the following procedures are in place for filing papers in the future:

1. The Court designates Christine Gunning as the Court Security Officer and Jennifer Campbell, Miguel Ferrer, Maura Peterson, Daniel Hartenstine, Erin Hogarty, Joan Kennedy, Michael Macisso, Craig Martin, and Jarett Merk as alternate Court Security Officers for this case for the purpose of providing security arrangements necessary to protect any classified information or documents in this case. Counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of all classified information.

2. Filing of Papers by the Plaintiff or Defendants. Any pleading or other document

---

[1] Document [381] and [382], filed on July 16th and 17th, 2009, are still being reviewed, and unclassified versions of these documents are forthcoming.

filed by the plaintiff (Horn) or defendants (Brown and Huddle) shall be filed under seal with the Court through the Court Security Officer or her designee, unless counsel has obtained through the Court Security Officer permission, specific to a particular, non-substantive pleading or document (e.g. motions for extensions of time, continuances, scheduling matters, etc.) not containing information that is or may be classified or under seal, in which case the pleading or documents need not be filed under seal. Documents filed under seal with the Court Security Officer or her designee shall be marked "Filed in Camera and Under Seal with the Court Security Officer or designee." At the time of making a physical submission to the Court Security Officer or designee, counsel shall file on the public record in the CM/ECF system a notice of filing that notifies the Court that a filing has been made. The notice should contain only the case caption and an unclassified title of the filing. The Court Security officer shall immediately deliver, under seal, to the Court and counsel for the United States any pleading or document filed by the plaintiff or defendants that may contain classified information. The Court Security Officer shall promptly examine the pleading or document and, in consultation with representatives of the appropriate agencies, determine whether the pleading or document contains classified information. If the Court Security Officer determines that the pleading or document contains classified information, he or she shall ensure that the portion of the document containing classified information, and only that portion, is marked with the appropriate classification marking and remains under seal. All portions of all papers filed by the parties that do not contain classified information will be placed on the public record.

3.  Filing of Papers by the United States. Those portions of pleadings or documents filed by the United States that contain classified information shall be filed under seal with the

Court through the Court Security Officer or her designee. Such pleadings and documents shall be marked, "Filed in Camera and Under Seal with the Court Security Officer or designee." The date and time of physical submission to the Court Security Officer or her designee shall be considered the date and time of filing. At the time of making a physical submission to the Court Security Officer or her designee, the government shall file on the public record in the CM/ECF system a notice of filing that notifies the Court that a filing has been made. The notice should contain only the case caption and an unclassified title of the filing. The Court Security Officer shall immediately deliver, under seal, to the Court and counsel for the plaintiff and defendants (unless such a filing is an *ex parte* filing) any pleading or document filed by the government that contains classified information. All portions of all papers filed by the government that do not contain classified information will be placed on the public record.

4.   Sanctions Motions and Filing of Papers by Interested Parties. As a result of motions for sanctions and for contempt, there are interested parties who wish to make filings in this case. Thus far, the motions have not implicated classified information. Moreover, the attorneys for the interested parties have not been granted security clearances. Accordingly, the attorneys for the interested parties should file all documents publicly on the CM/ECF system. Moreover, the interested parties have filed a motion for access to larger portions of the docket in order to respond to the motions for sanctions against them. In light of today's order and the placement of all unclassified documents on the public record, that motion is now moot. To the extent that any interested parties believe they must have access to classified information, that request shall be made by further motion. Accordingly, it is hereby

ORDERED that the interested parties' motion filed on July 1, 2009, for access to all

docketed materials necessary to respond is DENIED as moot. It is further

ORDERED that John A. Radsan's motions filed on June 16, 2009, to seal certain portions of the pleadings are DENIED. It is further

ORDERED that the interested parties shall have 30 days from this date to respond to the plaintiff's motion for sanctions and/or contempt. It is further

ORDERED that any information or materials that remain under seal and are not on the public record shall not be discussed publicly, or otherwise disclosed in any manner whatsoever to the public or to anyone without a proper security clearance and a need to know.

SO ORDERED.

_Royce C. Lamberth_                                    _7/20/09_
Chief Judge Royce C. Lamberth                         Date