IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | ) | |
|---|---|---|
| Richard A. Horn, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:94-CV-1756 (RCL) |
| | ) | |
| Franklin Huddle, Jr. | ) | |
| and Arthur Brown, | ) | |
| | ) | |
| Defendants. | ) | |

---

**UNITED STATES' REPLY IN SUPPORT OF ITS PROPOSAL FOR FURTHER PROCEEDINGS CONSISTENT WITH THE COURT'S JULY 16, 2009 MEMORANDUM OPINION AND ORDER**

In response to the Court's July 16, 2009 Order and Opinion, Dkt. Nos. 450 and 451, the Government has set forth an incremental approach to resolving the significant issues presented by Government's assertion of the state secrets and statutory privileges; the approach proposed by the Government seeks to reconcile the concerns expressed by the Court with the Executive Branch's constitutional duty to protect national security information, and does so in a manner consistent with current case law. *See* Dkt. No. 458.

Before considering counsel access to classified information known by the parties, the Court should first evaluate the privilege assertion based upon the additional justifications the Court has now ordered the Government to file. After the Government's further submissions, the Court should then determine on that basis (and affording the Government's submission the appropriate level of deference) whether it can resolve the privilege without submissions from the plaintiff or defendants and without the need for any "CIPA-like" proceeding. *See Stillman v. CIA*, 319 F.3d 546, 547-49 (D.C. Cir. 2003).

If, after reviewing the Government's further submissions, the Court believes the question of privilege is still unsettled, the Court could then consider permitting submissions by the parties – those former government officials who previously were granted access to some classified information – based upon their personal knowledge. As in *Stillman*, those filings would be made by the plaintiff and defendants themselves, without the involvement of counsel.

Both plaintiff and defendant Brown object to using a *Stillman* framework for resolving the question of privilege. *See* Pl's Response, Dkt. No. 466 at 2; Brown Response, Dkt. No. 468. The Court specifically referenced the *Stillman* framework in footnote 12 of its July 16 Memorandum Opinion ("Mem. Opinion"), however, and the Government believes that adoption of the *Stillman* framework is appropriate here to adjudicate the question of privilege.

Perhaps most important, the *Stillman* framework avoids the difficult constitutional questions presented by the parties' proposal that this Court order counsel to be given access to classified information. It is well recognized that the authority to determine who may have access to classified information "is committed by law to the appropriate agency of the Executive Branch." *Department of the Navy v. Egan*, 484 U.S. 518, 527 (1988). And in deciding state secrets privilege claims, the court "must determine whether the circumstances are appropriate for the claim of privilege, and yet do so without forcing the disclosure of the very thing the privilege is designed to protect.*" United States v. Reynolds*, 345 U.S. 1, 8 (1953). Mindful of that danger, the Second Circuit rejected in a recent ruling the right of counsel to obtain access to classified information known by their client. *Doe v. CIA*, No. 07-797, 2009 WL 238275 (2d Cir. Aug. 5, 2009). The Second Circuit ruled that a party's right to consult with their attorney must yield to the Government's interest in "ensuring the legitimate state secrets were not lost in the

process." *Doe*, 2009 WL 238275 at *11. Citing *Reynolds*, the Second Circuit ruled in *Doe* that "permitting [parties], through counsel, to use [classified information known to a party], to oppose the assertion of privilege may present a danger of '[i]nadvertent disclosure' – through a leak, for example, or through a failure or misuse of the secure media that [a party's counsel] seeks to use, or even through over-disclosure" to the Court. *Doe*, 2009 WL 238275 at *9, *quoting Sterling v. Tenet*, 416 F.3d 338, 348 (4th Cir. 2005). The Second Circuit recognized that, even where a party already knows classified information that is covered by the assertion of privilege, it is inappropriate "to increase the risk of disclosure by permitting the [party] to discuss [with counsel], transmit, record, or file information asserted to be a state secret by the government." *Id*. at *10.

Adopting the Government's suggested approach avoids the premature adjudication of the constitutional questions that would be implicated by ordering counsel access to such information. Indeed, if the Court is satisfied upon the Government's further submissions ordered by the Court, then the privilege issue may be resolved without the need for any further submissions at all.

Defendant Brown objects to the *Stillman* approach on the ground that counsel is needed to present the second set of submissions. See Dkt. No. 468 at 2-3. Mr. Brown is capable of providing such information to the Court, however, just as Mr. Stillman was in *Stillman*; moreover, such an approach represents a reasonable accommodation of the compelling national security interests the Executive Branch seeks to protect here.

3

Plaintiff also argues that the Court's July 16, 2009 Order permitted counsel and party access to the Government's *in camera*, *ex parte* filings in support of the assertion of privilege. Pl's Response, Dkt. No. 466, at 11. Plaintiff argues that the Court has ordered such access to privileged information by permitting the use of "CIPA-like procedures" referenced in the Court of Appeals' decision. *See e.g.*, Pl's Response, Dkt. No. 466, at 4, 9-11. Not surprisingly, plaintiff is unable to reference any statement by the Court granting counsel access to putatively privileged information. Nor did the prior opinion of the Court of Appeals in this case – cited by the Court in its order, *see* Mem. Opinion at 12, quoting *In re Sealed Case*, 494 F.3d 139, 154 (D.C. Cir. 2007) – require counsel and party access to filings the Government makes, *in camera*, *ex parte*, in support of the assertion of privilege. Indeed, the law is clear that neither parties nor counsel are permitted to examine putatively privileged information. *See Halkin v. Helms*, 598 F.2d 1, 7 (D.C. Cir. 1978) (rejecting argument that counsel should be permitted to participate in *in camera* proceedings concerning adjudication of state secrets privilege); *Ellsberg v. Mitchell*, 709 F.2d 51, 61 (D.C. Cir. 1983) (recognizing that permitting requester's counsel to participate in *in camera* review of putatively privileged material can be "summarily" rejected as an alternative approach for adjudicating state secrets privilege); *see also Doe*, 2009 WL 2382751 at *9 ("plaintiffs have no right of access to material that the government contends contains state secrets prior to the district court's adjudication of that contention. The plaintiffs do not create such a right by asserting that they seek access to enable them to argue that the alleged state secrets are really not state secrets.").

For the foregoing reasons, and those set forth in the Government's Proposal for Further Proceedings, the Court respectfully requests that the Court adopt the Government's approach for

4

further proceedings.

Dated: August 17, 2009                    Respectfully submitted,

                                          IAN HEATH GERSHENGORN
                                          Deputy Assistant Attorney General

                                          VINCENT M. GARVEY
                                          Deputy Branch Director

                                          /s/ Paul G. Freeborne
                                          PAUL G. FREEBORNE
                                          Trial Attorney
                                          U.S. Department of Justice
                                          Civil Division, Federal Programs Branch
                                          20 Massachusetts Avenue, N.W.
                                          Room 6108
                                          Washington, D.C. 20530
                                          Tel: (202) 353-0543
                                          Fax: (202) 616-8460
                                          email: paul.freeborne@usdoj.gov

                                          *Attorneys for the United States*