UNCLASSIFIED



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD A. HORN,<br>Plaintiff,<br><br>v.<br><br>FRANKLIN HUDDLE, JR., *et al.*,<br>Defendants. | § § § § § § § § § | Civ. Action No. 94-1756 (RCL)<br><br>**FILED**<br>SEP - 4 2009<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## MEMORANDUM OPINION

Before the Court is the United States' Emergency Motion for Stay Pending Appeal [483]. Upon consideration of the motion, the oppositions, and the entire record herein, the government's motion is denied for the reasons set forth below.

### I. Background

On August 26th, after having earlier decided that the government had not demonstrated the applicability of the state secrets privilege, this Court declared that the attorneys for both the plaintiff and the defendants—all of whom have been favorably adjudicated for security clearances—had a "need to know" classified information related to this case that their clients possessed. *See* Dkt. 479. That order gave the government until September 10th to comply and clear counsel. In response the United States filed a notice of appeal, and subsequently has asked this Court to stay its order pending the appeal. The practical effect of such a stay would extend beyond this Court's August 26th order and bring all proceedings in this already protracted litigation to a halt once again.

UNCLASSIFIED

## II. Analysis

As the nature of this Court's August 26th order is injunctive, the United States has moved for a stay under Federal Rule of Civil Procedure 62(c). In order to prevail on their motion, the United States must demonstrate: first, that they have a substantial likelihood of success on appeal; secondly, that they will suffer irreparable harm if the stay is denied; thirdly, that the issuance of a stay will not cause substantial harm to other parties; and, finally that a stay is in the public interest. *United States v. Phillip Morris Inc.*, 314 F.3d 612, 617 (D.C. Cir. 2003).

This Court first considers the third element of this test because it believes that it bears most heavily on its decision to deny the motion for stay. The United States gives scant consideration to whether a stay will cause substantial harm to the other parties in this case. It suggests that any delay resulting from this interlocutory appeal would be only slight[1] and that the "mere assertion of delay does not constitute substantial harm." *Motion* at 16 (quoting *Phillip Morris*, 314 F.3d at 622). But what might have only been a minor delay in this case, which has now dragged on for fifteen years, could have major consequences as any further delay now has the real possibility of forever depriving the plaintiff of evidence and testimony which may decide whether he prevails on his claims. Indeed, the plaintiff has recently filed a motion for deposition,[2] where he seeks to depose a

---

[1] Perhaps any delay caused by a stay might be slight *relatively*, but given the prior decision by the Court of Appeals, it is likely that resolution of the government's appeal could take up to a year.
[2] This motion contains a factual proffer, which, if substantiated, goes to the heart of the Horn's claims.

former investigator from the State Department Inspector General's Office,[3] who conducted an investigation into Horn's claims.

While it might not seem as if this Court's August 26th order would have any bearing on whether or not this deposition could be taken, it will certainly affect what is revealed at the deposition as much of what the plaintiff is likely to ask about would be classified. As such, even if Horn sought to go forward with the deposition were this Court's August 26th order stayed, his counsel would be severely circumscribed in asking the deponent questions based on classified information already known to him, and the deponent would likewise be limited to only disclosing non-classified information. The process would be further complicated as parsing such information even after lengthy and contemplative review can be difficult and still result in inadvertent disclosure, while requiring one to do so in real time during a deposition would likely make the process unworkable.

This case has already been delayed long enough by the government's failure to disclose information that had long been unclassified. And while there is no indication that the United States is moving for this stay in anything other than good faith, this Court must be sensitive to the effect its ruling will have on the parties to this litigation. And there can be no question that given the problems associated with deposing this key witness, that any further delay caused by a stay might render his testimony forever unavailable and as such would greatly

---

[3] Footnote Three has been filed separately under seal.

prejudice the plaintiff.[4] The government's perplexing position that the parties themselves could present the classified information to the Court, would certainly prejudice not only the plaintiff and the defendants by depriving them of counsel, but also the Court itself as it tries to develop procedures to best proceed with this case, a process that would be greatly enhanced by adversarial presentation.

As to the other factors in this test, the Court believes that the government has not demonstrated the likelihood of their success or why a stay is necessarily in the public interest. Given its decision in the August 26th opinion, the Court does not think that the government has a substantial likelihood of success upon appeal. Furthermore, although the government claims the public interest is in preserving classified information, though it has time after time failed to provide a sufficient basis as to why this decades-old information should be protected, there is certainly a weightier public interest in the speedy and full resolution of this Court's inquiry into the extent of the governmental misconduct in this case, as well as the paramount interest in ensuring the government upholds and abides by the Constitution. The only secret the government might have left to preserve is the fact they did what Horn alleges.

Finally, the Court thinks the government overstates the extent of the injury it would suffer unless this Court's order were stayed. First, for large portions of this litigation counsel for Horn had a security clearance and discussed most, if not

---

[4] The Court notes that even the defendants, who would presumably benefit from the stay, have nonetheless opposed the government's motion, albeit for different reasons.

4

all, of the classified information Horn knew related to this case. As to the renewal of Horn's counsel's security clearance, the government cannot demonstrate an injury, since it has once before allowed disclosure of the information it now seeks to "protect." The defendants, though not their counsel, also know virtually all of the relevant classified information. And since the government has done no more than say "that sources and methods are the heart of intelligence," without explaining, even generally, how disclosure to these attorneys would irreparably harm the United States, this Court does not have a basis for believing that the government will be concretely harmed. This is especially so since the government had previously determined that the defendants' prior counsel, who were government attorneys, had a need to know this very same classified information. It is not as if this Court has ordered that persons who would not otherwise qualify for a security clearance have a need to know; rather the attorneys here were selected in part because they were deemed trustworthy and able to obtain security clearances. Furthermore, the government only has itself to blame for the retention of these private attorneys, as it was a conflict of interest the government created that necessitated their retention in the first place. The United States has not alleged that these attorneys would be likely to improperly disclose classified information. And even were they to do so, such an allegation would be incredulous unless supported by specific evidence, given the nature of the attorneys' selection. The harm to the government cannot be merely theoretical.

*See Wisconsin Gas Co. v. Fed. Energy Reg. Comm'n,* 758 F.2d 669, 674 (D.C. Cir. 1985).

Having considered all the elements of the *Phillip Morris* test, the Court finds that the government has failed to satisfy its burden and demonstrate that it needs a stay to be imposed.

### III. Conclusion

There is no doubt that substantial legal questions have been raised by the Court's August 26th order. While the government insists that the paramount question is whether this Court has the authority to authorize disclosure of classified information in the limited context of a litigation that has been ongoing for fifteen years to counsel who have been favorably adjudicated for clearances (and indeed, in some cases selected due to their ability to be cleared), this Court thinks that the real issue is still whether the government can evade the resolution of serious questions regarding its constitutional obligations by merely asserting that the underlying information needed for resolution is classified, even if unprotected by the state secrets privilege. Having lost on the on their assertion of the state secrets privilege, the government's new refrain is heads you lose, tails we win.

Until the government noted there was a conflict of interest in the defendants' continued representation by government attorneys, the defendants were represented by attorneys who had been cleared. The decision not to grant clearances to the defendants' attorneys only serves to highlight the separate

conflict of interest that is inherent when the discretion to disclose classified information lies with the agency whose very conduct is at issue. *See Motion* at 8-9 (stating the originating agencies have discretion to determine whether classified information is disseminated). The ability to conduct this sort of "cover up" undoubtedly intrudes on the judiciary's function to "say what the law is," *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803). Given that any further delay in these proceedings may result in material evidence being forever unavailable, which would undoubtedly prejudice the plaintiff, the United States' motion for a stay pending appeal is hereby DENIED.

A separate order shall issue this date.          September 4, 2009

_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court