IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD A. HORN, | ) | Case No. 1:94-CV-1756 RCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| FRANKLIN HUDDLE, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Intervenor**.** | **)** | |
| _____ | ) | |

**PLAINTIFF'S NOTICE OF REQUEST FOR THE COURT TO
PROMPTLY EXECUTE THE ORDER DISMISSING THIS
CASE WITH PREJUDICE SO THAT THE GOVERNMENT'S
OBLIGATION TO PAY THE MONETARY AMOUNT IN THE
SETTLEMENT IS TRIGGERED, REGARDLESS OF THE
OTHER ISSUES PENDING BEFORE THE COURT ON THIS CASE**

In February of 2009, the Court urged the parties to settle this matter.  Thereafter, the Court issued various orders regarding then pending motions.  This Court's September 4, 2009 order and opinion denied the government's motion to stay the Court's orders of July 16 and August 26, 2009 which the government appealed.  That is now pending before the Court of Appeals.  During the pendency of that appeal, the parties negotiated a settlement of the matter (Dkt No. 510-2) and executed a stipulated dismissal (Dkt No. 510) and a proposed court order dismissing the entire action with prejudice (Dkt No. 510-3).  According to the terms of the Settlement Agreement (Dkt No. 510-2), within two business days after the Court enters the order dismissing the case with prejudice (¶4 of said settlement agreement) the United States will request that the settlement amount stated in ¶ 2 of the Settlement Agreement ($3,000,000.00)

will be paid to Plaintiff and his attorneys for damages, attorneys' fees and litigation costs and expenses. (Settlement Agreement at ¶ 2.) Also, within five business days after the Court enters an order dismissing the action with prejudice, the United States will move the United States Court of Appeals for a voluntary dismissal of its pending appeal, with the parties to bear their own costs on appeal. (¶ 1(d))

All conditions precedent to the government paying Plaintiff and his counsel the amount stated in ¶ 2 have been satisfied – **except for the Court ordering the dismissal of the case with prejudice**.

Of course Plaintiff and his counsel recognize that there are certain collateral matters pending before this Court, which are described in ¶¶ 1(a), and 1(b) of the Settlement Agreement. However, the last sentence of ¶ 8 of the Settlement Agreement states that regardless of how the Court rules on the pending outstanding collateral motions filed by the government and the withdrawal by Plaintiff of the motion for sanctions, "this Agreement is binding upon all parties, and the United States is obligated to make the cash payments pursuant to ¶ 2 following the entry of the order dismissing the case with prejudice." Plaintiff relinquished his right to oppose the government's vacatur motions in return for a prompt settlement and payment. (See ¶ 8 of the Settlement Agreement.)

The Settlement Agreement, the Stipulated Dismissal With Prejudice and the Proposed Court Order dismissing the case with prejudice were all filed with the Court on November 3, 2009, **five weeks ago**. A primary impetus for Plaintiff settling this matter when it did was to resolve this fifteen-plus year old case and receive prompt payment of the monetary amount negotiated with the government and agreed to by the government. The reasons for the Plaintiff settling this case are losing their impetus, stimulus and momentum. This case has cost Plaintiff

and its counsel substantial monetary and non-monetary amounts that can partially be assuaged by the government's prompt payment of the settlement amount – but unfortunately the government's obligation to pay is not *triggered* until the Court enters the dismissal of the case with prejudice, based upon the settlement agreement.  The outstanding collateral motions can be dealt with in due course, because the last sentence of ¶ 8 of the Settlement Agreement is a condition that Plaintiff insisted upon in order to preclude the delay of the payment pending the outcome of the Court resolution of the government's outstanding collateral motions, all of which are independent of the Court order dismissing this case with prejudice.

      Plaintiff urges the Court to issue the order dismissing the case with prejudice.

      Respectfully submitted.

DATED: December 9, 2009         /S/ BRIAN C. LEIGHTON
Brian C. Leighton, Lead Counsel
on behalf of Plaintiff, Richard A. Horn
BRIAN C. LEIGHTON, CA BAR #090907
Law Offices of Brian C. Leighton
701 Pollasky Avenue
Clovis, CA 93612
(559) 297-6190
Fax (559) 297-694
E-mail: kbarker@arrival.net and
E-mail: bleighton@arrival.net