## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RICHARD A. HORN,          )    Case No. 1:94-CV-1756 RCL
                         )
        Plaintiff,     )
                         )
FRANKLIN HUDDLE, JR., *et al.*,  )
                         )
        Defendants.   )
                         )
UNITED STATES,        )
                         )
        Intervenor**.**   **)**
_____)

### PLAINTIFF'S NOTICE OF RENEWED REQUEST FOR THE COURT TO PROMPTLY EXECUTE THE ORDER DISMISSING THIS CASE WITH PREJUDICE SO THAT THE GOVERNMENT'S OBLIGATION TO PAY THE MONETARY SETTLEMENT AMOUNT IS TRIGGERED, AND WHEREBY THE COURT CAN RETAIN JURISDICTION TO ISSUE ORDERS, DECISIONS AND RULINGS REGARDING THE OTHER ISSUES AND MOTIONS PENDING BEFORE THE COURT IN THIS CASE

This filing by Plaintiff is similar to Plaintiff's previously filed notice of request (Doc. 519) filed on December 9, 2009, requesting the Court to promptly execute the order dismissing this case with prejudice, so that the government's obligation to pay the monetary amount of the settlement is triggered without awaiting the Court's ruling on the other pending motions or issues, because that is what the settlement agreement clearly states.

When Plaintiff filed on December 9, 2009 his previous notice of request (Doc. 519) described above, neither the government nor the Defendants objected to Plaintiff's filing.

If the Court's concern – and the reason the Court has not executed the dismissal – is that if the Court issues the dismissal with prejudice before the Court rules on the outstanding motions

and issues (even though how the Court rules being irrelevant to the government's obligation to pay; discussed in a moment), the short answer is that all this Court would have to do is execute the stipulated dismissal filed pursuant to Federal Rules of Civil Procedure, Rule 41(a)(1)(ii) by adding the statement that the Court retains jurisdiction over the outstanding pending motions described in said settlement agreement (Doc. 510-2; courtesy copy attached hereto as exhibit 1) following the dismissal of the case with prejudice.  The U.S. Supreme Court case of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994) clearly permits the Court to do so, and clearly then would permit the Court to issue orders, and decisions following the dismissal of the complaint with prejudice.  The parties executed a stipulated dismissal (Doc. 510) which states that the dismissal with prejudice is pursuant to Federal Rules of Civil Procedure, Rule 41(a)(1)(A)(ii) "and in accordance with the terms of the settlement agreement filed with the Court on this date . . . ."  That alone would be sufficient for the Court to execute the "[proposed] order," but to insure that jurisdiction continues the Court could state that the Court will retain jurisdiction to rule on motions and address issues all fully disclosed and contemplated in the settlement agreement.

As the Court of Appeals for the District of Columbia Circuit recently stated, that while a settlement agreement "amounts to nothing more than a free standing contract . . ." if the Court continues to retain jurisdiction over the case by stating that it does so in the dismissal order, or by referencing the settlement agreement that contains issues ancillary to the Court's jurisdiction, the Court then has continuing jurisdiction.  *T Street Development, LLC v. Dereje & Dereje, et al*, 536 F.3d 6, 9-10 (D.C. Cir. 2009).

> "The rationale underlying *Kokkonen* is that unless the District Court retains jurisdiction over the matter, a settlement agreement amounts to nothing more than a free standing contract, 'part of the

consideration for which was dismissal of an earlier federal suit.'
[citation to *Kokkonen*] * * * Where settlement occurs during
litigation, however, enforcing the settlement enables the 'court to
function successfully, that is, to manage its proceedings' – one of
the purposes of ancillary jurisdiction recognized in *Kokkonen*.
[citation to *Kokkonen*]."  *T Street Development, supra* at 10.

As another example cited by the D.C. Circuit in *T Street Development*, was the case of

*Foretich v. American Broadcasting COS,* 198 F.3d 270 (D.C. 1999), wherein the District Court

had dismissed *Foretich's* defamation suit against ABC, ABC then filed a motion seeking to

recover attorneys' fees, then the parties negotiated a settlement, and then ABC filed a motion to

enforce the agreement while its fees motion remained pending.  The D.C. Circuit stated the

District Court had jurisdiction over the enforcement motion:

"If enforced, the settlement agreement would require withdrawal
of ABC's motion for fees and costs.  The motion to enforce,
therefore, could moot the motion for fees and costs and,
concordantly, any judgment on that motion.  The motions thus
were interrelated and resolution of the motion to enforce allowed
the Court to resolve the motions for fees and costs in a manner that
'effectuated its decree.' [citing *Kokkonen*]" *Foretich* at 273-274 [*T
Street Development* at 10].

This case is similar to *Foretich*, and provides even more facts showing that this Court

would have ancillary jurisdiction to rule on the outstanding motions and issue orders with

respect thereto after the case is dismissed with prejudice – especially if the Court dismisses the

case with prejudice, as per the terms of the settlement agreement and the stipulated dismissal,

and expresses its intent to retain jurisdiction to rule on the outstanding motions and issues that

are still at play as described in the settlement agreement [Doc. 510-2].

In February of 2009 this Court urged the parties to settle this matter.  This Court had

issued orders in January and February of 2009 which were not favorable to the government.  The

Court then issued orders on July 16, 2009 and August 26, 2009, which were likewise not

favorable to the government.  The government then requested this Court to stay its August 26, 2009 opinion and order so it could appeal said decision.  This Court denied the government's motion for a stay, but the government received the stay in the Court of Appeals, where that matter remains pending, but, by stipulation of the parties and order of the Court of Appeals, being held in abeyance until this Court issues the dismissal with prejudice of this case.  The government appealed on approximately September 4, 2009, and within a couple of weeks the parties began negotiating the settlement which was executed and finalized by the government, the Plaintiff and the Defendants on October 26, 2009 (Doc. 510-2) and filed with the Court on November 3, 2009 along with an executed stipulated dismissal (Doc. 510) and a proposed court order dismissing the entire action with prejudice (Doc. 510-3).

According to the terms of the Settlement Agreement (Dkt No. 510-2), within two business days after the Court enters the order dismissing the case with prejudice (¶4 of said settlement agreement) the United States will request that the settlement amount stated in ¶ 2 of the Settlement Agreement ($3,000,000.00) be paid to Plaintiff and his attorneys for damages, attorneys' fees and litigation costs and expenses.  (Settlement Agreement at ¶ 2.)  Also, within five business days after the Court enters an order dismissing the action with prejudice, the United States will move the United States Court of Appeals for a voluntary dismissal of its pending appeal, with the parties to bear their own costs on appeal.  (¶ 1(d))

All conditions precedent to the government paying Plaintiff and his counsel the amount stated in ¶ 2 have been satisfied – **except for the Court ordering the dismissal of the case with prejudice**.

Of course Plaintiff and his counsel recognize that there are certain collateral matters pending before this Court, which are described in ¶¶ 1(a), and 1(b) of the Settlement Agreement.

4

However, the last sentence of ¶ 8 of the Settlement Agreement states that regardless of how the Court rules on the pending outstanding collateral motions filed by the government and the withdrawal by Plaintiff of the motion for sanctions, "this Agreement is binding upon all parties, and the United States is obligated to make the cash payments pursuant to ¶ 2 following the entry of the order dismissing the case with prejudice." Plaintiff relinquished his right to oppose the government's vacatur motions in return for a prompt settlement and payment. (See ¶ 8 of the Settlement Agreement.)

The Settlement Agreement, the Stipulated Dismissal With Prejudice and the Proposed Court Order dismissing the case with prejudice were all filed with the Court on November 3, 2009, **almost four months ago**. A primary impetus for Plaintiff settling this matter when it did was to resolve this fifteen-plus year old case and receive prompt payment of the monetary amount negotiated with the government and agreed to by the government. The reasons for the Plaintiff settling this case are losing their impetus, stimulus and momentum. This case has cost Plaintiff and its counsel substantial monetary and non-monetary amounts that can only partially be assuaged by the government's prompt payment of the settlement amount – but unfortunately the government's obligation to pay is not ***triggered*** until the Court enters the dismissal of the case with prejudice, based upon the settlement agreement. The outstanding collateral motions can then be dealt with by the Court in due course since the Court, by executing the dismissal with prejudice, retaining jurisdiction to rule on the various motions and issues as described in the settlement, will then certainly have jurisdiction to rule thereafter – pursuant to *Foretich* and *Kokkonen, supra*, and the Court's inherent authority because of the ancillary jurisdiction of those pending motions.

Plaintiff is attempting to be as patient as possible, and apologizes to the Court if Plaintiff's persistence is received negatively by the Court.

Respectfully submitted.

DATED: March 1, 2010

                /S/ BRIAN C. LEIGHTON
Brian C. Leighton, Lead Counsel
on behalf of Plaintiff, Richard A. Horn
BRIAN C. LEIGHTON, CA BAR #090907
Law Offices of Brian C. Leighton
701 Pollasky Avenue
Clovis, CA 93612
(559) 297-6190
Fax (559) 297-694
E-mail: kbarker@arrival.net and
E-mail: bleighton@arrival.net