**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RICHARD A. HORN,** ) No. 1:94-CV-1756 (RCL) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| **FRANKLIN HUDDLE, JR. and** ) | |
| **ARTHUR BROWN,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**BRIEF FOR AL-HARAMAIN ISLAMIC FOUNDATION, WENDELL BELEW,
AND ASIM GHAFOOR AS *AMICI CURIAE* REGARDING
THE UNITED STATES'S MOTION TO VACATE
THE JULY 16, 2009 AND AUGUST 26, 2009 OPINIONS AND ORDERS**

**INTRODUCTION**

Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor file this *amicus curiae* brief regarding the motion by the United States to vacate this Court's opinions and orders of July 16, 2009 and August 26, 2009. The purpose of this brief is to apprise the Court of legal authorities – as to which the United States's vacatur motion is silent – that are directly adverse to the United States's position and support this Court's denial of the motion.

**DISCUSSION**

**I. LEGAL AUTHORITY UNDISCLOSED BY THE UNITED STATES AUTHORIZES THIS COURT TO DENY THE VACATUR MOTION FOR LACK OF EXTRAORDINARY CIRCUMSTANCES.**

The United States's vacatur motion cites *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1167-70 (9th Cir. 1998) for the proposition that a district court's vacatur of its own opinions is not governed by the standards prescribed in *U.S. Bancorp Mtge. Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994) for appellate court vacatur of district court opinions. *See*

United States' Motion, Dkt. #508, at 6-7.  The United States has failed to inform this Court, however, of contrary authority that is directly adverse to the United States's position.

In *Bancorp*, the Supreme Court held that an appellate court may not vacate a district court judgment that has become moot by reason of settlement, absent extraordinary circumstances. *Bancorp*, 513 U.S. at 29.  The Court said that the "principal" consideration for vacatur due to mootness is whether the party seeking vacatur "caused the mootness by voluntary action." *Id.* at 24.  If so, that party has "surrender[ed] his claim to the equitable remedy of vacatur," absent extraordinary circumstances.  *Id.* at 25, 29.  If not, vacatur remains available subject to consideration of the "public interest."  *Id.* at 26.

Subsequent to *Bancorp*, three circuit courts have grappled with the question of whether the standards prescribed in *Bancorp* also apply to a district court's vacatur of its own opinions.  In *American Games*, the Ninth Circuit answered that question in the negative and concluded that extraordinary circumstances are not required for district court vacatur.  *American Games*, 142 F.3d at 1167-70.  The Seventh Circuit agreed with *American Games* in *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F. 3d 1002, 1003 (7th Cir. 2007).

The Fourth Circuit, however, has taken a contrary position, answering the question in the affirmative and holding that "the *Bancorp* considerations that are relevant to appellate vacatur for mootness are also relevant to, and likewise largely determinative of, a district court's vacatur decision for mootness."  *Valero Terrestrial Corporation v. Paige*, 211 F. 3d 112, 121 (4th Cir. 2000).  The Fourth Circuit expressly disagreed with *American Games*, *id.* at 119 n.3, and held that, although the holding of *Bancorp* "extends only to appellate court vacatur," the standards for appellate court and district court vacatur "are essentially the same," and "*Bancorp's*

considerations of relative fault and public interest must also be largely determinative of a district court's decision whether to vacate its own judgment due to mootness," *id.* at 117-18.

District courts within the Fourth Circuit have ruled consistently with *Valero*, denying vacatur that was sought because of mootness due to settlement. *See, e.g., Spencer v. American International Group, Inc.*, 2009 WL 1034255 (E.D. Va. 2009); *Tejesova v. Bone*, 2009 WL 2074077 (W.D.N.C. 2009). So have district courts within the Second and Fifth Circuits. *See Avid Identification Systems, Inc.*, 2009 WL 383232 (E.D. Tex. 2009); *In re Fraser*, 98 F. Supp. 2d 788, 792-92 (E.D. Tex. 2000); *Agee v. Paramount Communications, Inc.*, 932 F. Supp. 85, 87 (S.D.N.Y. 1996) ("In the Second Circuit, there is a current trend away from granting vacatur just because the parties' settlement provides for it.").

The United States cites three district court opinions for the proposition that district courts "may vacate their interlocutory decisions upon settlement of a case." United States's Motion, Dkt. #508, at 4-5. One of those cases, however, arose within the Ninth Circuit, where *American Games* is binding and the district court was not free to follow the contrary rule prescribed in *Valero*. *See Persistence Software, Inc. v. The Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001). The other two cases predate and thus are superseded by *Bancorp*. *See 1992 Republican Senate-House Dinner Comm. v. Carolina's Pride Seafood, Inc.*, 158 F.R.D. 223, 224 (D.D.C. 1994); *IBM Credit Corp. v. United Home for Aged Hebrews*, 848 F. Supp. 495, 495097 (S.D.N.Y. 1994). Moreover, one of those cases, *IBM Credit Corp.*, was in the U.S. District Court for the Southern District of New York, where, in cases since *Bancorp*, judges have adopted a *Valero*-like approach and have concluded that the *Bancorp* standards "are also relevant on the district court level." *Agee*, 932 F. Supp. at 87; *accord, Carter v. Rosenberg & Estis, P.C.*, 1999

WL 13036 (S.D.N.Y. 1999).

The United States contends that because this Court's opinions are interlocutory, the vacatur motion arises under Federal Rule of Civil Procedure 54(b) (interlocutory orders "may be revised at any time") rather than Federal Rule of Civil Procedure 60(b) ("the court may relieve a party or its legal representative from a final judgment, order, or proceeding") – as if that should make a difference in how this Court treats the motion. *See* United States' Motion, Dkt. #508, at 4 & n. 4. It should make no difference at all. The principal reason for the holding in *Bancorp* was that "[w]here mootness results from settlement . . . , the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *Bancorp*, 513 U.S. at 25. The Fourth Circuit in *Valero* observed that the same reasoning logically applies to motions arising under Rule 60(b) seeking vacatur of opinions on final judgments. Likewise, that reasoning should apply to motions arising under Rule 54(b) seeking vacatur of opinions on interlocutory orders. Indeed, at least two courts, in reliance on *Valero*, have refused to grant vacatur of interlocutory opinions. *See Tejesova*, 2008 WL 2074077; *In re Fraser*, 98 F. Supp. 2d at 791-92.

In short, *Valero* and its progeny are authority for this Court to deny the United States's vacatur motion, for lack of extraordinary circumstances to justify vacatur.

## II. THIS COURT'S OPINIONS WILL BE A VALUABLE RESOURCE FOR LITIGANTS AND COURTS IN OTHER CASES.

The United States contends there is "minimal" value in leaving this Court's opinions "extant," because they are interlocutory and thus are "non-precedential." *See* United States's Motion, Dkt. #508, at 6. But a district court's interlocutory opinions, while lacking *precedential*

value, are hardly valueless. In *Fraser*, 98 F. Supp. 2d at 791, the court refused vacatur of opinions concerning interlocutory issues because "there can be little doubt that, like the appeals court opinion in *Bancorp*, opinions on such matters are a valuable resource for litigants and courts," especially where the opinions address "questions of first impression."

That is the situation here. The opinions that the United States wants vacated concern questions of first impression – whether a district court may decline to give a high degree of deference to an assertion of the state secrets privilege where the government has previously made misrepresentations to the court regarding the privilege (the opinion of July 16, 2009), and whether a district court may decide whether counsel who have been favorably adjudicated for access to classified information have a "need to know" the information within the context of pending litigation (the opinion of August 26, 2009). The opinions will be a valuable resource for litigants and courts as these issues arise in other cases. In fact, the opinions have *already* proved to be a valuable resource in *Al-Haramain Islamic Foundation, Inc. v. Obama*, where the plaintiffs (*amici curiae* in the present case) have cited them in briefing on a pending motion for partial summary judgment. *See Al-Haramain Islamic Foundation, Inc. v. Obama*, MDL Docket No. 06-1701 VRW (N.D. Cal.), Plaintiffs' Reply to Government Defs.' Opp. to Pls.' Motion for Partial Summ. Judg., Dkt. #104, at 13 n. 2 & 17 n. 3.

### III. THE VACATUR MOTION IS AN ATTEMPTED END RUN AROUND THE COURT OF APPEALS.

Regardless of whether this Court would choose to follow *Valero* or *American Games*, during the pendency of the appeal from the Court's order of August 26, 2009 the Court lacks jurisdiction to rule on the vacatur motion, and any order of vacatur will require leave of the Court

of Appeals. *See Avid Identification Systems*, 2009 WL 383232; *In re Fraser*, 98 F. Supp. 2d at 791. According to the Settlement Agreement filed with this Court on November 3, 2009, the United States will move for dismissal of the appeal within five business days after this Court dismisses the action. *See* Settlement Agreement, Doc. #510-2, at 2. That means the appeal is still pending, which means the United States's remedy – if it were to have one at all – would be through a vacatur motion in the Court of Appeals. Plainly, the United States has not sought vacatur in the Court of Appeals because the request would certainly be denied under the authority of *Bancorp*. By filing the vacatur motion in this Court, the United States is attempting an end run around the Court of Appeals, where vacatur is unavailable. This Court should rebuff the attempt.

### IV. DENIAL OF THE VACATUR MOTION WILL NOT THWART THE SETTLEMENT.

Finally, we note that this Court's denial of the vacatur motion will in no way thwart the settlement of this case. The Settlement Agreement specifies that even if "the Court refuses to vacate any or all of these Orders and Opinions," the agreement "is binding upon all parties." Settlement Agreement, Dkt.# 510-2, at 4.

### CONCLUSION

For the foregoing reasons, *amici curiae* respectfully request this Court to consider the legal authorities addressed herein in adjudicating the vacatur motion.

of Appeals. *See Avid Identification Systems*, 2009 WL 383232; *In re Fraser*, 98 F. Supp. 2d at 791. According to the Settlement Agreement filed with this Court on November 3, 2009, the United States will move for dismissal of the appeal within five business days after this Court dismisses the action. *See* Settlement Agreement, Doc. #510-2, at 2. That means the appeal is still pending, which means the United States's remedy – if it were to have one at all – would be through a vacatur motion in the Court of Appeals. Plainly, the United States has not sought vacatur in the Court of Appeals because the request would certainly be denied under the authority of *Bancorp*. By filing the vacatur motion in this Court, the United States is attempting an end run around the Court of Appeals, where vacatur is unavailable. This Court should rebuff the attempt.

### IV. DENIAL OF THE VACATUR MOTION WILL NOT THWART THE SETTLEMENT.

Finally, we note that this Court's denial of the vacatur motion will in no way thwart the settlement of this case. The Settlement Agreement specifies that even if "the Court refuses to vacate any or all of these Orders and Opinions," the agreement "is binding upon all parties." Settlement Agreement, Dkt.# 510-2, at 4.

### CONCLUSION

For the foregoing reasons, *amici curiae* respectfully request this Court to consider the legal authorities addressed herein in adjudicating the vacatur motion.

       Respectfully submitted

       /s/ Jon B. Eisenberg
       JON B. EISENBERG, Cal. Bar No. 88278
       EISENBERG AND HANCOCK LLP
       1970 Broadway, Suite 1200
       Oakland, CA 94612
       510.452.258l – Fax 510.452.3277
       *jon@eandhlaw.com*

       /s/ Alan R. Kabat
       ALAN R. KABAT, D.C. Bar No. 464258
       BERNABEI & WACHTEL, PLLC
       1775 T Street, NW
       Washington, DC 20009
       202.745.1942 – Fax 202.745-2627
       *kabat@bernabeipllc.com*

       *Counsel for Amici Curiae Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor.*

DATED:  November 6, 2009